[924 NYS2d 839]

In the Matter of JEFFREY S. FEINERMAN (Admitted as JEFFREY STEVEN FEINERMAN), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, June 7, 2011

**APPEARANCES OF COUNSEL**

*Robert A. Green*, Hauppauge (*Stacey J. Sharpelleti* of counsel), for petitioner.

*McDonough & McDonough, LLP*, Westbury (*Chris McDonough* of counsel), for respondent.

**OPINION OF THE COURT**

Per Curiam.

The Supreme Court of the State of New Jersey, by order filed May 19, 2010 (202 NJ 48, 995 A2d 300 [2010]), reprimanded the respondent based on violations of the New Jersey Rules of Professional Conduct (hereinafter RPC) rule 1.15 (a) (failure to safeguard client funds and negligent misrepresentation of client funds) and (d) and New Jersey Court Rules rule 1:21-6 (recordkeeping violations) and RPC rule 5.5 (a) (1) (practicing law while ineligible) and RPC rule 8.4 (c) (conduct involving dishonesty, deceit, or misrepresentation).

The order of the Supreme Court of New Jersey is based on a decision by the Disciplinary Review Board (hereinafter DRB) dated March 16, 2010. The matter was before the DRB on a stipulation between the respondent and the Office of Attorney Ethics. The respondent admitted to the aforementioned violations of the RPC.

The respondent acted as a settlement agent and attorney for Aames Funding Corporation in connection with the purchase of a residence by Bianca Mora from Mitchell and Susan Baker. In connection with the closing, the respondent prepared a HUD-1 form that misrepresented the actual disbursement of the proceeds from the sale. Specifically, the HUD-1 form listed the respondent's fees as $900, when, in fact, he received the sum of $2,000. In addition, it did not list three disbursements from the settlement proceeds, totaling $46,375.74.

The respondent also prepared the deed and affidavit of title in connection with the Mora transaction. The affidavit is deficient because the Bakers' forwarding address is missing, the marital history section is incomplete, and the county is incorrectly listed as Bergen, rather than Middlesex. The deed lacks an address for Mora.

From July 1, 2003 to July 31, 2004, the respondent handled approximately 5 to 10 real estate settlements per month. He utilized two ordinary business checking accounts, rather than an attorney trust account. At no time during this period did he maintain an attorney trust account, in violation of New Jersey Court Rules rule 1:21-6 (a) (1). As a result, he also failed to maintain trust receipts and disbursements journals and failed to perform monthly trust account reconciliations, in violation of New Jersey Court Rules rule 1:21-6 (c) (1) (A) and (H).

In connection with the Baker to Mora transaction, the sum of $324,572.62 was wired into one business account. The respondent transferred $220,946.33 into the second business account, which he used to satisfy the existing mortgage. In addition, he paid the sums of $2,087 to Varsity Title Insurance Agency and $200 to the Middlesex County Clerk for recording fees from the same account, even though there were no additional transfers into the account to cover these payments. The respondent, therefore, negligently misappropriated other clients' funds.

Further, the respondent was ineligible to practice law from September 27, 2004 until December 6, 2005, for failure to pay the annual assessment to the New Jersey Lawyers' Fund for Client Protection. During that period, he conducted between 25 to 30 closings in New Jersey. The stipulation states that, during that period of the respondent's ineligibility, "he should have known" that he had failed to pay the assessment. In his brief, the respondent's counsel asserted that the respondent did not know that he was ineligible.

The respondent stipulated that he violated RPC rules 1.3 and 1.15 (a) and (d) and New Jersey Court Rules rule 1:21-6 and RPC rules 5.5 (a) (1) and 8.4 (c); however, the DRB found that there was no violation of RPC rule 1.3.

Upon a de novo review of the record, the DRB was satisfied that the stipulated facts support a finding that the respondent's conduct was unethical. It found that a reprimand was sufficient discipline for the respondent's overall conduct.

The Supreme Court of New Jersey, by order filed May 19, 2010, reprimanded the respondent for his unethical conduct, and directed that he complete a course in attorney trust accounting within six months of the filing date of the order.

In response to the notice, the respondent has submitted a letter dated November 29, 2010, wherein he states that he raises no defenses. He wishes to bring to the Court's attention the following: he has practiced law since 1994 without prior sanction, his misconduct in New Jersey was unintentional, no harm was caused to any client, he accepted responsibility for his actions, admitted to the charges and consented to discipline, the events took place in 2004 to 2005, and he has since taken measures to correct his errors. He asks that the Court impose a sanction no greater than a public censure.

Since the respondent raises no defenses and has not requested a hearing, there is no impediment to the imposition of reciprocal discipline at this juncture.

Based on the findings of the Supreme Court of the State of New Jersey, reciprocal discipline is imposed on the respondent pursuant to the Grievance Committee's notice pursuant to 22 NYCRR 691.3, and he is publicly censured.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and BELEN, JJ., concur.

Ordered that the petitioner's application is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, the respondent, Jeffrey S. Feinerman, admitted as Jeffrey Steven Feinerman, is publicly censured for his professional misconduct.